UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- X
: 
JUSTIN SAMUELS, :
:
                                   Plaintiff, :         23 Civ. 8000 (JPC) (GS)
:
         -v- :         ORDER ADOPTING
:         REPORT AND
SMALL BUSINESS ADMINISTRATION, :         RECOMMENDATION
:
                                Defendant. :
:
---------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Justin Samuels brings this action alleging that the Small Business Administration's Women-Owned Small Business Federal Contract program violates the Fifth Amendment's Due Process Clause, the Civil Rights Act of 1866, the Fourteenth Amendment's Equal Protection Clause, and Title VII of the Civil Rights Act of 1964. Dkt. 14. On July 24, 2025, the Honorable Gary Stein, to whom this case has been referred for general supervision of pretrial proceedings and to issue recommendations on any dispositive motions, issued a Report and Recommendation, recommending that the undersigned (1) dismiss this case for lack of standing and improper venue with prejudice and (2) deny leave to amend. Dkt. 39.

      A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised that "the parties shall have fourteen days" from "the date of this Report and Recommendation to file written objections thereto," and warned that failure to timely file such objections would result in waiver of those objections for purposes of appeal. Dkt. 39 at 25.  No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review.  *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded.  However, the Court clarifies that "where there is a lack of Article III standing, Article III deprives federal courts of the power to dismiss a case with prejudice," so the dismissal for lack of standing "must be without prejudice."  *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016) (citation omitted).[1]  But for that clarification, the Court adopts the Report and Recommendation in its entirety, dismisses this case without prejudice, and denies leave to amend.  The Clerk of Court is respectfully directed to close this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

---

[1] The Court also notes that it fully agrees with Judge Stein's alternative venue analysis.  *See* Dkt. 39 at 19-22.  The Small Business Administration resides in Washington, D.C., not this District; Samuels does not allege that any part of the events giving rise to his claims occurred in this District; and Samuels did not live in this District at the time he filed the operative complaint.  *See* 28 U.S.C. § 1391(e)(1).  But because "venue relates to the convenience of the parties rather than the validity of the claim," that dismissal, too, would "be without prejudice."  *Hess v. Cohen & Slamowitz LLP*, 637 F.3d 117, 124 (2d Cir. 2011).

SO ORDERED.

Dated: August 12, 2025
      New York, New York

JOHN P. CRONAN
United States District Judge

3